SCOTT et al. v. LOWE.

(Supreme Court, Appellate Division, First Department.   January 21, 1910.)

1. SALES (§ 396*)—OVERPAYMENT—RECOVERY—COMPLAINT.
    A complaint which alleges that, pursuant to an agreement with plaintiff, defendant shipped to himself, notify plaintiff, a car load of potatoes purporting to amount to a specified number of bushels at a specified price per bushel, the same to become the property of plaintiff on notification of arrival, that they were deficient in weight to a specified extent, of a specified value, without alleging that plaintiff had paid for the potatoes according to the quantity stated by defendant, and that on reweighing a shortage had been found, states no cause of action.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 396.*]

2. EVIDENCE (§ 129*)—RELEVANCY—SIMILAR FACTS—ADMISSIBILITY.
    In an action to recover an overpayment on a shipment of potatoes, because of a shortage in the number of bushels paid for, evidence of payment by defendant of shortage claims on former shipments was inadmissible.
    [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 129.*]

Appeal from Trial Term, New York County.

Action by James Scott and another against George F. Lowe. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Frederick M. Harris, for appellant.
Alfred D. Senftner, for respondents.

SCOTT, J. The record on this appeal suggests that plaintiffs probably have a cause of action against the defendant; but none is set

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

forth in the complaint, and none established by the evidence.   The complaint alleges that the defendant—

"under and pursuant to an oral agreement with the plaintiffs, on or about the 21st day of October, 1907, shipped to himself, notify Scott and Kleinhans, one car load of potatoes, said car load purporting to amount to 685$\frac{1}{6}$ bushels, at $0.56 per bushel, according to defendant's invoice mailed to the plaintiffs, said goods to become the property of the plaintiffs upon arrival in New York City, and notification of arrival of said goods received by plaintiffs."

It is then alleged that the goods arrived, but were found to be deficient in weight to the extent of 108 bushels, the value of which, stated at $60.48, the plaintiffs seek to recover. There are similar allegations as to a second shipment.   It is apparent that the plaintiffs' right to recover is primarily dependent upon the contract pursuant to which the potatoes were shipped.   It is alleged that there was an agreement; but it is not set forth, either in exact words or in substance.   The allegations that under the agreement the potatoes were to become the property of the plaintiffs upon arrival in New York City does not help, because that allegation, if anything more than a conclusion of law, is entirely consistent with the idea that the potatoes were sent as a gift, in which case plaintiffs would scarcely have an action for damages because the gift was not so large as they had expected.

It is not alleged, as, however, the fact probably was, that plaintiffs paid for the potatoes when received at 56 cents per bushel, according to the number of bushels shown on the invoice, and upon reweighing found that they had paid for a greater quantity than they had received. Not only was this state of facts not alleged, but as to only one shipment was there any evidence that plaintiffs had paid for the potatoes. Even this evidence was inadmissible under the pleadings, and was received under objection.   Furthermore, it was erroneous to admit evidence that defendant had paid shortage claims on former shipments.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.   All concur.