(80 Misc. Rep. 519.)

SENFTNER v. KLEINHANS et al.

(Supreme Court, Appellate Term, First Department.   May 8, 1913.)

ATTORNEY AND CLIENT (§ 112*)—ACTIONS FOR EXPENDITURES—RIGHT OF ACTION.

An attorney cannot recover from his client a sum paid by the attorney as costs imposed as a condition to amend the complaint so negligently drawn by the attorney that it did not state a cause of action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 224–227; Dec. Dig. § 112.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Alfred Dwight Senftner against Edgar Kleinhans, impleaded with another.   From a judgment for plaintiff, defendant Kleinhans appeals.   Reversed, and complaint dismissed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Hamilton Anderson, of New York City, for appellant.

Menken Bros., of New York City, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PAGE, J. The action was brought by the plaintiff to recover a balance due for professional services and for disbursements in an action wherein James Scott and the defendant, then copartners in business, were plaintiffs, and one George F. Lowe was defendant, brought in the Supreme Court, New York County, to recover $110.79. The action was tried, and resulted in judgment for plaintiffs in the sum of $91.69. An appeal was taken by Lowe to the Appellate Division, and the judgment was reversed, and a new trial granted, with costs to the appellant to abide the event (136 App. Div. 442, 120 N. Y. Supp. 959), upon the ground as stated by the court:

."The record on this appeal suggests that plaintiff probably has a cause of action against the defendant, but none is set forth in the complaint and none established by the evidence."

The plaintiff then moved for leave to serve an amended complaint, which was granted, upon condition that the plaintiff pay the costs of the action to date. These amounted to over $200. The plaintiff herein was authorized by Scott to arrange for a discontinuance of the action, which was done upon the payment to Lowe's attorney of the sum of $200, which was advanced by the plaintiff. Plaintiff's charge for services and disbursements (including the $200 advanced on the settlement) amounted to $284. He has been paid on account $134, and brings this action to recover the balance, $150. Scott was not served with process, although named as a defendant.

The firm of Scott & Kleinhans was dissolved on March 1, 1909, less than a month after the trial of the action against Lowe. Both Scott and Kleinhans testified on the trial of this action that they notified plaintiff of such dissolution, and that by the terms thereof Scott obtained exclusive ownership of the claim against Lowe and was to bear all charges in connection therewith. All of plaintiff's instruction in relation to the settlement of the Lowe case came from Scott, and the money advanced was made at Scott's request, and in the correspondence with reference to payments Scott used the first person singular pronoun. Although plaintiff denied that he had any notification or knowledge of the dissolution of the firm of Scott & Kleinhans, we are of opinion that the decision of the justice, imposing liability on Kleinhans, was against the weight of the evidence.

But, aside from this, we do not think the plaintiff established a cause of action. It was through his unskillfulness or negligence in drawing his complaint and conducting the trial that his clients became liable to pay costs, and in paying the $200 he was but paying the price of his own lack of skill or negligent doing of the work intrusted to him. In this we are considering the defendant Kleinhans' responsibility, that rests, if any there is, only upon an implied promise. We are not passing upon Scott's liability, that may arise from an express promise to pay.

The judgment should be reversed, with costs to the appellant, and the complaint dismissed upon the merits, with costs. All concur.